IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEW YORK AIR BRAKE CORPORATION, )
748 Starbuck Avenue )
Watertown, New York 13601 )
a Delaware corporation, )
)
)
      Plaintiff, )
)
v. )
) Case No.:
WESTINGHOUSE AIR BRAKE )
TECHNOLOGIES CORPORATION, )
1001 Air Brake Avenue )
Wilmerding, Pennsylvania 15148 )
a Delaware corporation )
)
      Defendant. )
)

## COMPLAINT

Plaintiff, New York Air Brake Corporation, by its attorneys, alleges as follows:

### Nature of Action

1. This action is brought pursuant to 35 U.S.C. § 146 concerning a case of patent interference and seeking review of the May 31, 2005 Final Division of the Board of Patent Appeals and Interferences (the "Board") in Patent Interference No. 105,306 (the "'306 Interference") and the June 8, 2005 Board Judgment in the '306 Interference implementing that Final Decision. The interference declared in the '306 Interference is between U.S. Application Serial No. 09/661,566 (the"'566 Application") and U.S. Letters Patent No. 5,950,967 (the "'967 Patent"). This action seeks a determination that the '566 Application is entitled to Claims 1-16 therein and that claims 1-21 in the '967 Patent are invalid.

**Parties**

2. Plaintiff, New York Air Brake Corporation (hereinafter "NY Air Brake") is a Delaware corporation having a principal place of business at 748 Starbuck Avenue, Watertown, New York 13601.

3. Upon information and belief, Defendant, Westinghouse Air Brake Technologies Corporation (hereinafter "WABTEC") formerly known as Westinghouse Air Brake Company, is a Delaware corporation having a principal place of business at 1001 Air Brake Avenue, Wilmerding, Pennsylvania 15148.

4. NY Air Brake owns the entire right, title and interest in the '566 Application and is thus the real party in interest.

5. WABTEC owns the entire right, title and interest in and to the '967 Patent and is thus the real party in interest.

**Jurisdiction and Venue**

6. The court has jurisdiction of this action pursuant to 35 U.S.C. §146 and 28 U.S.C. §§1331 and 1338(a).

7. Venue is proper under 28 U.S.C. §1391(b) and (c) in that WABTECH may be found in, and subject to personal jurisdiction in, this district.

**Facts**

8. On April 28, 2005, the Board declared an interference between the '566 Application and the '967 Patent. Junior party Stephen K. Nickles is involved in this interference on the basis of the '566 Application in which Plaintiff in the real party in interest as the assignee of the

application. Senior party Stephen R. Montgomery is involved in this interference on the basis of the '967 Patent in which Defendant is the real party in interest as the assignee of the patent. Junior party Nickles was accorded the benefit of Application 09/151,286, filed September 11, 1998, and Application 60/058,970, filed September 12, 1997. Senior party Montgomery was not accorded the benefit of any other application or patent. The '967 Patent was granted on September 14, 1999 based on Application 08/911,619 filed on August 15, 1997. Nickles is the junior party since the Application is accorded benefit of a September 12, 1997 filing date which is less than one month after the August 15, 1997 filing date of the application which led to the '967 Patent.

9.  On April 28, 2005, the Board also issued an Order to Show Cause why judgment should not be entered against the junior party. Under 37 C.F.R. §41.202(d), a junior party applicant must make a prima facie showing of priority regardless of how small the difference in the respective filing dates or accorded benefit dates of the parties. When junior party Nickles first requested a declaration of an interference on September 14, 2000 in his initial application papers, the Board's rules did not require such a prima facie showing where the time difference was three months or less. See Rules previously codified at 37 C.F.R. §1.608(a) & (b).

10. On May 18, 2005, junior party Nickles filed his response to the Board's Order to Show Cause. The response submitted prima facie evidence of conception prior the August 15, 1997 filing date of senior party Montgomery. The response also submitted prima facie evidence of diligence from prior to August 15, 1997 to September 12, 1997, the filing date of the earliest application to which the '566 Application was accorded benefit.

11. On May 31, 2005, the Board issued a final decision determining that junior party Nickles had not established good cause for the additional evidence to be considered and that the original Nickles' showing of priority was insufficient. A copy of that decision is attached hereto as Exhibit 1.

12. On June 8, 2005, the Board issued its judgment against junior party Nickles as to the count 1 of the interference and determining that Nickles is not entitled to the claims 1-16 of the '566 Application. A copy of this judgment is attached hereto as Exhibit 2.

## Count I

13. Plaintiff repeats and realleges paragraphs 1 through 12.

14. Junior party Nickles conceived of the invention disclosed in the '566 Application prior to August 15, 1997. Junior party Nickles exercised diligence from for a period prior to August 15, 1997 and from August 15, 1997 to September 12, 1997, the date on which the first application to which the '566 Application was accorded benefit.

15. The Final Decision and Judgment of the Board are without legal basis and the interference was prematurely terminated before all issues could be heard.

## Count II

16. Plaintiff repeats and realleges paragraphs 1 through 12.

17. Junior party Nickles conceived the invention set out in the '566 Application before senior party Montgomery conceived the invention set out in the '976 Patent. Junior party Nickles communicated the subject matter of his invention to senior party Montgomery before senior

party Montgomery conceived the invention set out in the '976 Patent. The '976 Patent is invalid for derivation. 35 U.S.C. §102(f). An interference is an appropriate forum for determining invalidity for derivation.

## WHEREFORE

NY Air Brake respectfully demands judgment as follows:

1. Issue an order reversing the Judgment of the Board.

2. Issue an order directing the Director of the USPTO to issue a patent based on the '566 Application.

3. Issue an order declaring the that the claims contained in Patent No. '967 are invalid.

4. Issue an order directing the Director of the USPTO to cancel the claims contained in Patent No. '967.

5. Granting such other and further relief as the Court deems just and proper.

DATED: August 8, 2005                                    Respectfully submitted,

By: _____
Perry Palan  DC Bar No. 125088
John Will Ongman  DC Bar No. 378042
Barnes & Thornburg LLP
750 17th Street, NW, Suite 900
Washington, DC  20006
(202) 289-1313